IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY TERNAE JOHNSON, SR.,      Plaintiff, | )<br>)<br>) | Civil Case No. 7:23-cv-00246 |
| v. | )<br>)<br>) | By: Elizabeth K. Dillon |
| CHRISTOPHER STINE, *et al.*,      Defendants. | )<br>) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Anthony Ternae Johnson, Sr. filed this action pursuant to 42 U.S.C. § 1983. His complaint names as defendants law enforcement agents involved in a traffic stop and subsequent interview that led to criminal charges against him. He also names "the Commonwealth's Attorneys Office of Bristol City, Virginia" and his appointed attorney in the state criminal proceedings.[1] The matter is before the court for review pursuant to 28 U.S.C. § 1915A(a) (obligating review of civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity). As discussed herein, the court concludes that it must refrain from exercising jurisdiction over Johnson's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the court will decline to exercise jurisdiction and instead dismiss his complaint without prejudice.

I.  BACKGROUND

In addition to the "Commonwealth's Attorney's Office" in Bristol and his appointed

---

[1] The court takes judicial notice of Johnson's state-court proceedings in Bristol Circuit Court. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state-court proceedings that directly relate to the issues pending in the federal court).

counsel,[2] Johnson's complaint names three individual officers employed by the City of Bristol's police department and a detective who works with a drug task force in Washington County. (*See* Compl. 1, Dkt. No. 1.) He lists seven "claims," but does not identify any constitutional provision on which his claims are based. Instead, each separate claim describes a different aspect of the events that occurred.

In his first "claim," he alleges that he was a passenger in a vehicle that was pulled over for a traffic stop on March 15, 2022. A gun and illegal drugs were found in the vehicle, and cash and some marijuana was found on Johnson's person. Johnson complains that he was charged by one of the defendant officers with the drugs and possessing a gun, but the vehicle's owner was not charged with possession of either. He claims this reflects bias on the part of the officer.

In his second claim, he alleges that he told officers he had about $7,800 in cash on him to buy a car. The officers reported finding three "lumps of cash," and some of the cash was not documented in the arrest report and some was unaccounted for. (*Id.* at 2–3.) His third claim alleges that one of the defendant officers admitted that there was no special alert by his K-9 dog, even though he stated in a report that the dog alerted. (*Id.* at 4.)

His fourth and fifth claims assert that the charges against him are based on false information, that the Commonwealth's attorney "blackmailed and threatened" his fiancé not to

---

[2] Any Section 1983 claims against these two defendants fail for additional reasons. First, an "Office" is not an appropriate defendant to a § 1983 action or an entity that can be sued. If Johnson meant to name the Commonwealth's Attorney for Bristol, that person is entitled to Eleventh Amendment immunity from official-capacity claims, *Weiner v. Albemarle Cnty.*, No. 3:17-CV-00046, 2018 WL 542979, at *3 & n.1 (W.D. Va. Jan. 24, 2018), and Johnson has not alleged any personal involvement by that individual. Any claim against a prosecuting assistant commonwealth's attorney also fails. *See Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir.), *cert. denied*, 139 S. Ct. 490 (2018) (explaining that individual prosecutors are entitled to absolute prosecutorial immunity for actions "intimately associated with the judicial phase of the criminal process"). Lastly, a private attorney like Rasnick cannot be sued under § 1983, which requires that a defendant act under color of state law. *See Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980 (holding that a § 1983 claim against a state-appointed attorney was subject to dismissal "for want of state action"). In light of the court's abstention, however, the court does not reach the merits of any claims against any defendants.

allow him back to their home, and that the defendant detective lied about what Johnson said during an interview. (*Id.* at 5.) His sixth claim accuses his appointed attorney, Rasnic, of lying to him and undermining his case, as well as improperly disclosing information to the Commonwealth's Attorney. (*Id.*) In his seventh and final claim, he contends that a magistrate judge in Washington County improperly allowed defendant Stine to amend his affidavit, which Stine offered in support of Johnson's arrest warrant. (*Id.* at 5–6.) The only relief he seeks is "for this matter to be heard and the appropriate action to be taken to rectify this situation." (*Id.* at 7.)

According to court records, there are four criminal cases currently pending against Johnson in the Circuit Court for Bristol City, Case Nos. CR22007002-00 through CR 22007005-00, all of which list a March 15, 2022 offense date. They include two felony charges and one misdemeanor charge related to gun possession, as well as a charge for possession with intent to distribute illegal drugs, in violation of Virginia Code § 18.2-248. They all have a trial date of August 28, 2023, and, as Johnson acknowledges, he is "awaiting trial." (Compl. 2.)

Importantly, then, and based on the complaint, it is apparent that he is challenging the factual underpinnings and conduct of law enforcement, the prosecutor, and his appointed attorney related to his pending criminal charges.

II.  DISCUSSION

Although Johnson does not identify any particular federal law or constitutional provision he believes defendants violated, the court assumes that he is raising constitutional challenges, based on his use of a 42 U.S.C. § 1983 form. Broadly construed, he appears to be arguing that his Fourth Amendment rights were violated, that defendants have engaged in selective prosecution, and that his Sixth Amendment rights are being violated because of ineffective assistance from his current counsel. Because Johnson is raising challenges to ongoing criminal

proceedings in state court, the court must determine whether to abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). The Supreme Court has repeatedly affirmed the "strong federal policy against federal court interference with pending state judicial proceedings . . . ." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

All three *Younger* prongs are met here. Johnson's complaint itself makes clear that there are ongoing state judicial proceedings against him. State court records confirm that his trial is currently set for approximately two months from now. Thus, those state proceedings are ongoing and were brought prior to any substantial progress in the federal proceeding. Indeed, many of the events about which Johnson complains occurred in 2022, and his complaint here was signed on April 19, 2023, and received by the Clerk on May 2, 2023.

As to the second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1985). Although Johnson does not ask the court to directly intervene in or stop his ongoing criminal cases, he asks for an investigation and "appropriate action" to rectify what he believes are violations of his rights that occurred during the investigation and prosecution of him. As another court has explained, "whether a plaintiff seeks injunctive,

declaratory, or monetary relief, [*Younger*] abstention is appropriate if the relief the plaintiff seeks would require, as a prerequisite, a ruling on constitutional questions at issue in the pending state proceeding. *Hill v. Courter*, 344 F. Supp. 2d 484, 492 (E.D. Va. 2004).

As to the third and final *Younger* prong, it is undisputed that Johnson can raise his constitutional challenges in the course of his state prosecution. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.") (citation omitted). Notably, this prong does not require that Johnson would be *successful* in his raising his challenge in state court. *See Nivens*, 444 F.3d at 243 ("[T]he key question is whether the state allows for [plaintiff] to raise [his] objections, not whether the state agrees with those objections.").

In cases addressing similar challenges, courts have held that *Younger* abstention is appropriate. *E.g.*, *Hill*, 344 F. Supp. 2d at 494 (abstaining pursuant to *Younger* where plaintiffs challenged searches of their property that resulted in state criminal prosecution); *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986) (affirming district court's *Younger* abstention over claims seeking injunction against allegedly illegal searches and seizures); *Brazell v. Boyd*, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. 1993) (explaining district court should abstain under *Younger* as to a claim of violation of speedy trial rights); *Gibson v. Schmidt*, 522 F. Supp. 3d 804, 816 (D. Ore. 2021) (abstaining pursuant to *Younger* where plaintiff claimed vindicative and selective prosecution because such claims could be raised in state court); *Thompson v. Florida Bar*, 526 F. Supp. 2d 1264, 1279–80 (S.D. Fla. 2007) (collecting authority and summarizing that "[g]enerally, claims of selective prosecution are insufficient" to show bad faith and/or harassment and fall within an exception to *Younger* abstention).

In summary, "federal court equitable interference with state criminal proceedings should

5

not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam*, 75 F.3d at 903. Those circumstances—such as a showing of bad faith or harassment by the prosecuting state officials or the state law being "flagrantly and patently violative of express constitutional prohibitions"—do not exist here. *See Nivens*, 444 F.3d at 241 (setting forth exceptions and explaining their narrowness) (citations omitted); *Thompson*, 526 F. Supp. 2d at 1279–80 (reasoning that unsupported claim of selective prosecution did not rise to the level of bad faith required to fall under the *Younger* exception). Although Johnson alleges that certain officers engaged in misconduct—such as not being truthful in affidavits or statements, those claims can be brought before the state trial court and any issues concerning credibility can be explored by Johnson's counsel at trial. This court is not the proper forum to address those issues in the first instance.

## III.  CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction over Johnson's complaint. The complaint will be dismissed without prejudice. An appropriate order will be entered.

Entered: June 23, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge